1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| FATE THERAPEUTICS, INC., et al., | Case No.: 3:22-cv-00676-RBM-MSB |
| Plaintiff, | **ORDER GRANTING DEFENDANT SHORELINE BIOSCIENCES, INC.'s MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| SHORELINE BIOSCIENCES, INC., et al., | |
| Defendants. | **[Doc. 34]** |

11
12
13
14
15
16
17

18      Presently before the Court is a motion to seal filed by Defendant Shoreline
19  Biosciences, Inc. ("Defendant"). (Doc. 34.) For the reasons discussed below, Defendant's
20  motion is **GRANTED**.

21                            **I.      LEGAL STANDARD**

22      "[T]he courts of this country recognize a general right to inspect and copy public
23  records and documents, including judicial records and documents." *Nixon v. Warner*
24  *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one
25  'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."
26  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*
27  *State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption
28  of access is 'based on the need for federal courts, although independent—indeed,

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting FED. R. CIV. P. 269(c)(1)(G)).

## II.   DISCUSSION

Defendant seeks to seal: (1) Exhibit T filed in support of Defendant's counterclaims; and (2) references to the contents of Exhibit T, including in paragraphs 112–13, 115–17,

2

136, 163, 205, 234, 280, and 308 of Defendant's counterclaims.  (Doc. 34 at 3; *see also* Doc. 36 (Defendant's Answer and Counterclaims).)  Because Defendant's counterclaims are "more than tangentially related to the merits of the case," the compelling reasons standard applies.  *Ctr. for Auto Safety*, 809 F.3d at 1102.  Defendant states that "Exhibit T is a confidential business record that contains sensitive information and data related to the development of Shoreline's products, the public disclosure of which could impact Shoreline's competitive standing."  (Doc. 34 at 3; Doc. 34-1 ¶ 2.)  Defendant further states that it has redacted only that information in Exhibit T which is commercially sensitive.  (Doc. 34 at 3.)

The Court finds compelling reasons to seal the information subject to Defendant's motion.  Having reviewed Defendant's proposed redactions to its counterclaims, along with the content of Exhibit T, the Court finds the proposed redactions and sealing request narrowly tailored to protect only that information directly related to Defendant's commercially sensitive information.  Additionally, the Court finds that the information, if disclosed, could potentially hurt Defendants' competitive standing.  *See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at \*3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents where court found such information "could be improperly used" by competitors).

### III.   CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to seal.  (Doc. 34.)  On or before **October 14, 2022**, Defendant shall file its counterclaims on the public docket with redactions consistent with this Order.  The Clerk of Court is directed to accept and file under seal the lodged documents (Doc. 35).

**IT IS SO ORDERED.**

DATE:  October 7, 2022

_____

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE