# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.; and DAN S. KAUFMAN,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-00676-H-MSB<br><br>**PROPOSED AMENDED SCHEDULING ORDER** |

On May 13, 2022, Plaintiffs Fate Therapeutics, Inc. and Whitehead Institute for Biomedical Research filed a complaint against Defendants Shoreline Biosciences, Inc. and Dan S. Kaufman, alleging claims for infringement of U.S. Patent Nos. 8,071,369 ("the '369 Patent"), 8,932,856 ("the '856 Patent"), 8,951,797 ("the '797 Patent"), 8,940,536 ("the '536 Patent"), 9,169,490 ("the '490 Patent"), and 10,457,917 ("the '917 Patent") (collectively, "the patents-in-suit"). (Doc. No. 1, Compl.) On July 6, 2022, Defendant Shoreline filed an answer to Plaintiffs' complaint and counterclaims. (Doc. No. 68.) On July 7, 2022, Defendant Kaufman filed an answer to Plaintiffs' complaint and counterclaims. (Doc. No. 39.)

On August 12, 2022, the Court issued a scheduling order. (Doc. No. 51.) On

November 25, 2022, Defendant Shoreline Biosciences filed a motion for leave to file an amended answer and counterclaims. (Doc. No. 88.) On December 5, 2022, the parties filed their joint claim construction hearing statement, chart, and worksheet pursuant to Patent Local Rule 4.2. (Doc. No. 90.)

In light of the current stage of the proceedings, the Court issues the proposed amended scheduling order set forth below.[1] The parties must meet and confer and jointly file any proposed modifications to the Court's proposed amended scheduling order by **January 9, 2023**.

1. Prior to the filing of any discovery-related motion, the parties must meet and confer regarding the discovery dispute, and then provide the district judge with a summary of the discovery dispute through a one-page joint filing.[2]

2. Defendant Shoreline's motion for leave to amend is under submission pursuant to Civil Local Rule 7.1(d)(1). Plaintiffs' opposition to Defendant Shoreline's motion must be filed by **December 27, 2022**, and Defendant Shoreline's reply in support of its motion must be filed by **January 6, 2023**. (See Doc. No. 95.)

3. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed on or before **January 16, 2023**.

4. All discovery intended for use in the Claim Construction Hearing must be completed by **January 24, 2023**. See S.D. Cal. Pat. L.R. 4.3.

5. The deadline for filing, as of right, Amended Invalidity Contentions by each party opposing infringement is **January 24, 2023**. See S.D. Cal. Patent L.R. 3.6(b).

6. Damages Contentions. See N.D Cal. Pat. L.R. 3-8. On **January 24, 2023**,

---

[1] The parties should specifically note that the Court's proposed amended scheduling order sets forth disclosure requirements for damages contentions that are based on the requirements set forth in the Northern District of California Patent Local Rules 3-8 and 3-9.

[2] This one-page joint filing requirement does not apply to discovery disputes that are currently pending before the Magistrate Judge. (E.g., Doc. No. 101.)

each party asserting infringement shall:

    a.    Identify each of the category(-ies) of damages it is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category, including:

        1.    lost profits;

        2.    price erosion;

        3.    convoyed or collateral sales;

        4.    reasonable royalty; and

        5.    any other form of damages.

    b.    To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

    7.    Responsive Damages Contentions. <u>See</u> N.D Cal. Pat. L.R. 3-9. On **February 7, 2023**, each party denying infringement shall identify specifically how and why it disagrees with those contentions. This should include the party's affirmative position on each issue. To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

    8.    On or before **February 7, 2023**, the parties must file simultaneously their Opening Claim Construction Briefs. <u>See</u> S.D. Cal. Pat. L.R. 4.4(a). Absent leave of Court and a showing of good cause, the parties' opening claim construction briefs must not exceed 25 pages in length, per side. <u>See</u> S.D. Cal. Pat. L.R. 4.4(c); Civ. L.R. 7.1(h). In addition, the parties' claim construction briefing is limited to a total of ten (10) disputed claim terms, absent further order of the Court upon a showing of good cause.[3]

---

[3] Any motion for leave to file claim construction briefing in excess of the page limits set forth in Patent Local Rule 4.4(c) and Civil Local Rule 7.1(h) or for leave to exceed 10 disputed claim terms must be filed by **January 31, 2023**, along with a showing of good cause for exceeding the prescribed limits.

9. On or before **February 17, 2023**, the parties must file simultaneously their responsive claim construction briefs. See S.D. Cal. Pat. L.R. 4.4(b). Absent leave of Court and a showing of good cause, the parties' responsive claim construction briefs must not exceed 10 pages in length, per side. See S.D. Cal. Pat. L.R. 4.4(c); Civ. L.R. 7.1(h).

10. A Claim Construction Hearing will be held on **February 27, 2023**, at **1:30 p.m.** before the Honorable Marilyn L. Huff. See S.D. Cal. Pat. L.R. 4.5.

11. Advice of Counsel. Not later than thirty (30) days after the filing of the Claim Construction Order, each party relying upon advice of counsel as part of a patent related claim or defense for any reason must:

 a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived;

 b. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

 c. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of Patent Local Rule 3.7 will not be permitted to rely on advice of counsel for any purpose, absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

12. The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is **April 11, 2023**. See S.D. Cal. Pat. L.R. 2.1(a)(1).

13. All fact discovery must be completed on or before **June 13, 2023**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date

so that it can be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

14. On or before **April 11, 2023**, all parties must exchange with all other parties a list of all expert witnesses expected to be called at trial. The list must include the name, address, and telephone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list must also include the normal rates the expert charges for deposition and trial testimony. The list must include non-retained testifying experts. On or before **April 18, 2023**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

15. All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) must be served on all parties on or before **May 2, 2023**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **May 23, 2023**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(C). Any party that fails to make these disclosures must not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37.

16. All expert discovery must be completed on or before **June 13, 2023**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date so that it can be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

17. The parties must conduct a settlement conference in accordance with Patent Local Rule 2.1(c). The parties must contact the Magistrate Judge assigned to this case by **June 20, 2023** to arrange a date for the settlement conference.

18. All motions, including motions addressing <u>Daubert</u> issues, but excluding

earlier motions to amend or join parties and later motions in limine, must be filed on or before **July 14, 2023**. Any oppositions must be filed on or before **July 28, 2023**. Any replies must be filed on or before **August 4, 2023**. The Court schedules a motion hearing for **Monday, August 29, 2023**, at **1:30 p.m.** The Court reserves the right to vacate the hearing and submit the motions on the parties' papers pursuant to Civil Local Rule 7.1(d)(1). The Court reminds the parties that they do not need to wait until the last minute to file their motions. For any motion filed more than two weeks before the motion-filing cut-off date, the moving party must contact chambers to schedule a hearing date.

All briefing in this action must comply with Civil Local Rule 7.1(h). Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per side, for all such motions without leave of the judge who will hear the motion. No reply memorandum will exceed ten (10) pages without leave of the judge.[4]

19. The parties must file and submit to the Court's e-file inbox a juror questionnaire, including a question regarding time-screening for trial, on or before **September 5, 2023**.

20. Counsel must file their Memoranda of Contentions of Fact and Law in compliance with Civil Local Rule 16.1(f)(2) on or before **September 11, 2023**.

21. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **September 11, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

22. Counsel must meet together and take the action required by Civil Local Rule 16.1(f)(4) on or before **September 18, 2023**. At this meeting, counsel must discuss and

---

[4] Any motion for leave to file briefing in excess of the "motion day" page limits set forth in Civil Local Rule 7.1(h) must be filed at least one week in advance of the proposed excessive filing along with a showing of good cause for exceeding the Court's page limits.

attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel will note any objections they have to any other party's Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel will cooperate in the preparation of the proposed pretrial conference order.

23. Counsel for Plaintiffs will be responsible for preparing the proposed pretrial order in accordance with Civil Local Rule 16.1(f)(6)(a). On or before **September 25, 2023**, Plaintiffs' counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiffs' counsel concerning any objections to form or content of the pretrial order, and the parties must attempt promptly to resolve their differences, if any, concerning the order.

24. The Proposed Final Pretrial Conference Order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures, must be served and e-mailed to the District Judge's e-file inbox on or before **October 2, 2023**, in accordance with Civil Local Rule 16.1(f)(6).

25. The final pretrial conference and hearing on motions in limine will be held before the Honorable Marilyn L. Huff on **Monday, October 16, 2023**, at **10:30 a.m.** Lead trial counsel must appear in person absent further order of the Court. All motions in limine must be filed on or before **September 11, 2023**. Any oppositions to motions in limine must be filed on or before **September 25, 2023**. Any replies must be filed on or before **October 2, 2023**. Absent further order of the Court, each side may file no more than five motions in limine, and the total briefing for all such motions in limine must not exceed twenty-five (25) pages in length.

26. If a party wishes to use deposition testimony in lieu of a live witness, if authorized under the rules, the party must submit the designations to opposing counsel by **September 18, 2023**. The parties must exchange counter-designations by **September 25, 2023**. If deposition testimony is used at trial in lieu of a live witness, the Court will

determine the allocation of time against each party, but the time is assessed against the time limits authorized for trial.

27. The parties must submit proposed verdict forms by **October 30, 2023**.

28. The parties must submit any proposed voir dire questions for the jury on or before **October 30, 2023**. The jury will consist of eight (8) jurors. Each party will have three challenges. The Court uses the Arizona blind strike method.

29. The Court orders the parties to file proposed jury instructions on or before **October 30, 2023**. Copies of the jury instructions are to be filed with the Court's Case Management/Electronic Case Filing ("CM/ECF") system. Additionally, the Court orders the parties to send to chambers via the Court's e-file e-mail address a clean copy of the requested jury instructions with "Court's Instruction No. _____" behind each annotated instruction. The clean instructions must be sent to chambers by **October 30, 2023**. The clean instructions must be on pleading paper in Times New Roman, 14-point font, must be double-spaced, and must not have any header, footer, or page numbers. Further, the clean instructions must be fully completed and in a format that could be read to the jury if adopted by the Court. The parties must remove any brackets, fill in any blanks, and make the necessary selections where applicable to any model instructions.

30. The Court orders the parties to provide separate exhibit lists to the Courtroom Deputy at the pretrial conference on **October 30, 2023**. The exhibits must be premarked with Plaintiffs using numbers and Defendants using letters in accordance with the Civil Local Rules. Exhibit stickers are available in the Clerk's office. If a party wishes to use electronic or demonstrative equipment during trial, the Court directs the party to contact the Courtroom Deputy to schedule an appropriate time to setup the equipment before the trial begins and submit a proposed order by **October 23, 2023**, to allow the equipment to proceed through security.

31. The Court schedules trial for **Tuesday, October 31, 2023**, at **9:00 a.m.**

32. The parties must comply with case management orders set by the Court.

///

33. The Court will not modify the dates and times set forth in this order except for good cause shown.

**IT IS SO ORDERED.**

DATED: December 27, 2022

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT