# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                              Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.; and DAN S. KAUFMAN,<br><br>                              Defendants. | Case No.: 22-cv-00676-H-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTIONS TO FILE DOCUMENTS UNDER SEAL; AND**<br><br>[Doc. Nos. 75, 109.]<br><br>**(2) DIRECTING THE CLERK TO FILE THE PROPOSED DOCUMENTS UNDER SEAL**<br><br>[Doc. Nos. 39, 110.] |

On July 7, 2022, Defendant Dan S. Kaufman filed an answer and counterclaims. (Doc. No. 39.) On October 25, 2022, Plaintiffs Fate Therapeutics, Inc. ("Fate") and Whitehead Institute of Biomedical Research ("Whitehead") filed a motion to seal portions of Defendant Kaufman's answer and counterclaims pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2. (Doc. No. 75.) Defendant Kaufman does not oppose Plaintiffs' October 25, 2022 motion to seal. (See Doc. No. 75-1, Scaccia Decl. ¶ 6.) On November 15, 2022, Defendant Shoreline Biosciences, Inc. ("Shoreline") filed a response in

1

opposition to Plaintiffs' October 25, 2022 motion to seal.  (Doc. No. 81.)  On November 23, 2022, Plaintiffs filed a reply in support of their October 25, 2022 motion to seal.  (Doc. No. 87.)

In the October 25, 2022 motion to seal, Plaintiffs specifically request to seal Paragraphs 15-17, 19-21, and 24-25 of Defendant Kaufman's counterclaims.  (Doc. No. 75 at 1.)  Plaintiffs assert that these paragraphs contain confidential information concerning negotiations between Plaintiffs and Defendant Kaufman and communications concerning a patent license.  (Id.)  Plaintiffs argue, therefore, that compelling reasons exist to seal these portions of the document at issue because the public disclosure of this confidential information related to negotiations and a patent license could be used by Fate's competitors to their competitive advantage.  (Id. at 2 (citing Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Baker v. SeaWorld Ent., Inc., No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *6 (S.D. Cal. Nov. 3, 2017); Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., No. 12-CV-03844-JST, 2015 WL 984121, at *2-3 (N.D. Cal. Mar. 4, 2015).)

On January 3, 2023, Plaintiffs filed a first amended complaint.  (Doc. No. 108.)  On January 3, 2023, Plaintiffs also filed a motion to file under seal portions of their first amended complaint pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2.  (Doc. No. 109.)  Specifically, Plaintiffs request to file under seal paragraphs 95-108, 110-117, 143-150, and 154 of the first amended complaint.  (Id. at 1.)  Plaintiffs assert that these paragraphs contain information regarding Shoreline's commercial activities with its suppliers that has been designated as "Highly Confidential – Outside Counsel Only" pursuant to the parties' protective order.  (Id. at 1-2; see Doc. No.72.)

After reviewing the documents at issue, the Court concludes that compelling reasons exist to seal the documents.  See Kamakana, 447 F.3d at 1179; Baker, 2017 WL 5029612, at *6. Further, for both of the documents at issue, Plaintiffs have filed redacted versions of the documents ensuring that Plaintiffs' requests to seal are narrowly tailored to only seal the confidential information at issue.  See Doe v. L. Offs. of Winn & Sims, No. 06-CV-

00599-H-AJB, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) ("'[A]ny order sealing documents should be "narrowly tailored"' to serve those compelling reasons." (quoting Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016))); Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc., No. 317CV01118BENBLM, 2018 WL 3055938, at *3 (S.D. Cal. June 14, 2018) ("Requests to seal must be narrowly tailored."). As such, the Court grants Plaintiffs' request to file the documents under seal without prejudice to the Court modifying this order at a later time or using the information in a written order. The Court reserves the right to unseal all or some of the pleadings as appropriate under the law. The Court directs the Clerk: (1) to seal Defendant Kaufman's answer and counterclaims (Doc. No. 39); and (2) to file Plaintiffs' first amended complaint under seal (Doc. No. 110).

**IT IS SO ORDERED.**

DATED: January 4, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT