UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                                  Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.; and DAN S. KAUFMAN,<br><br>                                  Defendants. | Case No.: 22-cv-00676-H-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTIONS TO FILE DOCUMENTS UNDER SEAL;**<br><br>[Doc. Nos. 119, 122, 125, 138.]<br><br>**(2) DIRECTING THE CLERK TO FILE THE PROPOSED DOCUMENTS UNDER SEAL ; AND**<br><br>[Doc. Nos. 120, 123, 126, 139.]<br><br>**(3) ORDERING DEFENDANT KAUFMAN TO PUBLICLY FILE DOCKET ENTRY NO. 140** |

On January 27, 2023, Defendant Shoreline Biosciences, Inc. ("Shoreline") filed a motion to partially dismiss Plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 121.)  On January 27, 2023, Shoreline also filed a motion to file under seal portions of its motion to dismiss pursuant

to Civil Local Rule 79.2 and Patent Local Rule 2.2. (Doc. No. 119.) Specifically, Shoreline requests to file under seal portions of its memorandum of points and authorities in support of its motion to dismiss. (Id. at 1.)

On January 27, 2023, Shoreline filed an answer and counterclaims to Plaintiffs' first amended complaint. (Doc. No. 124.) On January 27, 2023, Shoreline also filed a motion to file under seal portions of its answer and counterclaims pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2. (Doc. No. 122.) Specifically, Shoreline requests to file under seal: (1) portions of its answer and counterclaims to Plaintiff's first amended complaint; and (2) exhibit T to the answer and counterclaims. (Id. at 1-2.)

On January 27, 2023, Shoreline filed a motion for partial summary judgment. (Doc. No. 127.) On January 27, 2023, Shoreline also filed a motion to file under seal certain document filed in connection with its motion for summary judgment pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2. (Doc. No. 125.) Specifically, Shoreline requests to file under seal: (1) portions of its motion for summary judgment; (2) Exhibit B to the declaration of Dr. Ahmadian; and (3) Exhibit N to the Lonza declaration. (Id. at 1.)

In its three motions, Shoreline seeks to seal the documents at issue because they either contain confidential information concerning the identities of three of Shoreline's four iPSC suppliers; or (2) references to third-party confidential information. (Doc. No. 119 at 1; Doc. No. 122 at 1-2; Doc. No. 125 at 2.) Shoreline argues, therefore, that compelling reasons exist to seal the documents or portions of the documents at issue because the public disclosure of this confidential information might harm Shoreline's or the third party's competitive standing. (See Doc. No. 122 at 1; Doc. No. 125 at 1-3 (citing Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Mezzadri v. Med. Depot, Inc., No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015); Baker v. SeaWorld Ent., Inc., No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5–6 (S.D. Cal. Nov. 3, 2017); Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., No. 12-CV-03844-JST, 2015 WL 984121, at *2-3 (N.D. Cal. Mar. 4, 2015); Doe v. Camp Pendleton & Quantico Hous. LLC, No. 20-CV-224-GPC-AHG, 2020 WL 1890576,

1 | at *3 n.1 (S.D. Cal. Apr. 16, 2020)).)

2 |       On January 31, 2023, Defendant Dan S. Kaufman filed an answer and counterclaims to Plaintiffs' first amended complaint. (Doc. No. 137.) On January 31, 2023, Kaufman also filed a motion to file under seal portions of its answer and counterclaims pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2. (Doc. No. 138.) Kaufman seeks to seal these portions of the document at issue because they contain confidential information concerning negotiations between Plaintiffs and Kaufman and communications concerning a patent license. (Id. at 1.) Kaufman argues, therefore, that compelling reasons exist to seal these portions of the document at issue. (Id. (citing Doc. No. 111 at 2).)

      After reviewing the documents at issue, the Court concludes that compelling reasons exist to seal the documents. See Kamakana, 447 F.3d at 1179; Mezzadri, 2015 WL 12564223, at *2–3; Baker, 2017 WL 5029612, at *5–6; Doe, 2020 WL 1890576, at *3 n.1. (See Doc. No. 111 at 2.) Further, where appropriate, Defendants have filed redacted versions of the documents ensuring that their requests to seal are narrowly tailored to only seal the confidential information at issue. See Doe v. L. Offs. of Winn & Sims, No. 06-CV-00599-H-AJB, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) ("'[A]ny order sealing documents should be "narrowly tailored"' to serve those compelling reasons." (quoting Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016))); Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc., No. 317CV01118BENBLM, 2018 WL 3055938, at *3 (S.D. Cal. June 14, 2018) ("Requests to seal must be narrowly tailored."). As such, the Court grants Defendants' requests to file the documents under seal without prejudice to the Court modifying this order at a later time or using the information in a written order. The Court reserves the right to unseal all or some of the pleadings as appropriate under the law. The Court directs the Clerk to file the proposed documents under seal. (Doc. Nos. 120, 123, 126, 139.)

      The Court notes that on January 31, 2023, along with his motion to file under seal and his sealed lodgment containing his unredacted answer and counterclaims, Defendant Kaufman filed an additional sealed lodgment containing a certificate of service. (See Doc.

No. 140.) Kaufman did not move to seal this document, and compelling reasons do not exist to seal the certificate of service. Further, the filing of the certificate of service under seal appears to be an error. As such, the Court declines to seal the certificate of service (Doc. No. 140), and the Court orders Kaufman to publicly file the certificate of service **within seven (7) days from the date this order is filed.**

     **IT IS SO ORDERED.**

DATED: February 1, 2023

                            MARILYN L. HUFF, District Judge
                            UNITED STATES DISTRICT COURT