UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                                    Plaintiffs,<br>v.<br>SHORELINE BIOSCIENCES, INC.; and DAN S. KAUFMAN,<br><br>                                    Defendants. | Case No.: 22-cv-00676-H-MSB<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON DEFENDANT SHORELINE'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

       On January 27, 2023, Defendant Shoreline Biosciences, Inc. ("Shoreline") filed a motion for partial summary judgment. (Doc. No. 127.) In the motion, Shoreline argues that it is entitled to summary judgment on the issue of whether 28 U.S.C. § 1498 bars Plaintiffs from suing Shoreline under 35 U.S.C. § 271(g) based on the induced pluripotent stem cell ("iPSC") line manufactured by Lonza Walkersville, Inc. ("Lonza") and sold to Shoreline by the National Institute of Health ("NIH"). (Id. at 1, 6-11.) A hearing on Shoreline's motion for summary judgment is currently scheduled for **Monday, February 27, 2023** at **1:30 p.m.** Plaintiffs' opposition to the motion for summary judgment is due by **February 13, 2023**, and Shoreline's reply is due by **February 17, 2023**.

       Upon reviewing the record, the Court finds it appropriate to have the parties address

1  an additional issue at the February 27, 2023 hearing on Shoreline's motion for summary
2  judgment. See Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond,
3  the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on
4  grounds not raised by a party; or (3) consider summary judgment on its own after
5  identifying for the parties material facts that may not be genuinely in dispute.").  As part
6  of its motion for partial summary judgment, Shoreline has presented evidence that the
7  Lonza line of iPSCs was manufactured in Walkersville, Maryland.  (See Doc. No. 127-3,
8  Baghbaderani Decl. ¶¶ 5, 6, Ex. A at 11, 13, Ex. D at 92, 94.)  The Court notes that district
9  courts are split on the issue of whether 35 U.S.C. § 271(g) applies to domestically
10 manufactured products.  Compare Zond, Inc. v. SK Hynix Inc., No. CIV.A. 13-11570-
11 RGS, 2014 WL 346008, at *4 (D. Mass. Jan. 31, 2014); Momenta Pharms., Inc. v.
12 Amphastar Pharms., Inc., 962 F. Supp. 2d 348, 353 (D. Mass. 2013); Pat. Harbor, LLC v.
13 Twentieth Century Fox Home Ent. LLC, No. 6:10CV607 LED-JDL, 2012 WL 12842299,
14 at *2–3 (E.D. Tex. Sept. 7, 2012); Asahi Glass Co. v. Guardian Indus. Corp., 813 F. Supp.
15 2d 602, 614 (D. Del. 2011); Bos. Sci. Corp. v. Johnson & Johnson, 534 F. Supp. 2d 1062,
16 1081 (N.D. Cal. 2007); Monsanto Co. v. Syngenta Seeds, Inc., 431 F. Supp. 2d 482, 487
17 (D. Del. 2006), aff'd, 503 F.3d 1352 (Fed. Cir. 2007); Brit. Telecomm. v. SBC Commc'ns
18 Inc., No. CIV. 03-526 SLR, 2004 WL 5264272, at *3 (D. Del. Feb. 24, 2004); Hughes
19 Aircraft Co. v. Nat'l Semiconductor Corp., 857 F. Supp. 691, 697–99 (N.D. Cal. 1994);
20 with Genentech, Inc. v. Amgen Inc., No. CV 17-1407-CFC, 2020 WL 708433, at *1 (D.
21 Del. Feb. 12, 2020); Kyowa Hakka Bio, Co. v. Ajinomoto Co., No. CV 17-313, 2018 WL
22 834583, at *8–9 (D. Del. Feb. 12, 2018); United Gen. Supply Co. v. 2nds in Bldg.
23 Materials, Inc., No. CV 15-1975, 2017 WL 524720, at *2 (W.D. La. Feb. 7, 2017); McRO,
24 Inc. v. Namco Bandai Games Am., Inc., 23 F. Supp. 3d 1113, 1119–21 (C.D. Cal. 2013);
25 Designing Health, Inc. v. Erasmus, No. CV 98-4758 LGB (CW), 2002 WL 34536686, at
26 *9 n.6 (C.D. Cal. Feb. 26, 2002); Avery Dennison Corp. v. UCB Films PLC, No. 95 C
27 6351, 1997 WL 665795, at *1 (N.D. Ill. Oct. 20, 1997); Shamrock Techs., Inc. v. Precision
28 Micron Powders Inc., No. CV 91-0869, 1991 WL 335362, at *2 (E.D.N.Y. Aug. 8, 1991);

see also Syngenta Crop Prot., LLC v. Willowood, LLC, 944 F.3d 1344, 1362–63 (Fed. Cir. 2019) ("[35 U.S.C.]§ 271(g) was enacted to "extend protection to the *products*" resulting from practicing a patented process and to "prevent circumvention of a U.S. process patentee's rights through manufacture abroad and *subsequent importation into the United States of products* made by the patented process. . . . Congress made clear that § 271(g) 'is prompted by the use of patented processes in other countries *followed by the importation of the resulting products into this country*,' and simply 'extend[s] protection to the products' made by such processes." (emphasis added by Federal Circuit) (quoting S. Rep. 100-83, at 46, 48 (1987)); Momenta Pharms., Inc. v. Teva Pharms. USA Inc., 809 F.3d 610, 622 n.1 (Fed. Cir. 2015) (Dyk, J., dissenting); Cardiac Pacemakers, Inc. v. St. Jude Med., Inc., 576 F.3d 1348, 1369 (Fed. Cir. 2009) (en banc) (Newman, J., dissenting).

Accordingly, the parties should be prepared to address at the February 27, 2023 hearing the issue of whether 35 U.S.C. § 271(g) applies to domestically manufactured products, and the Court requires the parties to file supplemental briefing on this issue. Each side may file a 10-page supplemental brief on this issue by **Tuesday, February 21, 2023** at **9:00 a.m.**

**IT IS SO ORDERED.**

DATED: February 13, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT