UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                                     Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.; and DAN S. KAUFMAN,<br><br>                                     Defendants. | Case No.: 22-cv-00676-H-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL;**<br><br>[Doc. No. 194.]<br><br>**(2) DIRECTING THE CLERK TO FILE THE PROPOSED DOCUMENTS UNDER SEAL; AND**<br><br>[Doc. No. 195.]<br><br>**(3) ORDERING THE PARTIES TO FILE PUBLICLY REDACTED VERSION OF CERTAIN EXHIBITS** |

On February 22, 2023, the parties filed a joint notice pursuant to the Court's February 17, 2023 order. (Doc. No. 193.) On February 22, 2023, Plaintiffs also filed a motion to file under certain documents attached to that joint notice pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2. (Doc. No. 194.) Specifically, Plaintiffs move to seal

portions of Plaintiffs' Second Supplemental Disclosure of Asserted Claims, Infringement Contentions and Document Disclosures and Exhibits A-G to those infringement contentions. (Id. at 1.) Plaintiffs argue that there is good cause to file the documents under seal because they contain information that has been designated as "Highly Confidential – For Outside Counsel Only – Subject to Prosecution Bar" pursuant to the protective order in this case. (Id. at 1-2; see also Doc. No. 56.)

After reviewing the documents at issue, the Court concludes that good cause exists to seal the documents. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Mezzadri v. Med. Depot, Inc., No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2–3 (S.D. Cal. Dec. 18, 2015); Baker v. SeaWorld Ent., Inc., No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5–6 (S.D. Cal. Nov. 3, 2017). As such, the Court grants Plaintiffs' requests to file the documents under seal without prejudice to the Court modifying this order at a later time or using the information in a written order. The Court reserves the right to unseal all or some of the pleadings as appropriate under the law. The Court directs the Clerk to file the proposed documents under seal. (Doc. No. 195.)

Although the Court grants the Plaintiffs' motion to file the documents at issue under seal, Plaintiffs' requests as to most of the documents are not narrowly tailored to only seal the confidential information at issue. "Requests to seal must be narrowly tailored." Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc., No. 317CV01118BENBLM, 2018 WL 3055938, at *3 (S.D. Cal. June 14, 2018); see Doe v. L. Offs. of Winn & Sims, No. 06-CV-00599-H-AJB, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) ("'[A]ny order sealing documents should be "narrowly tailored"' to serve those compelling reasons." (quoting Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016))). For example, Plaintiffs request to file under seal the entirety of a claim chart attached as Exhibit A to its infringement contentions. A large amount of this claim chart does not contain confidential information. As examples, the introductory section of the chart includes many infringement allegations that mirror the allegations in the public version of Plaintiffs'

supplemental first amended complaint; the chart includes claim language from the '369 Patent – a publicly filed patent; and the chart also includes information from and citations to public websites, scientific publications, and public court filings.  As such, the Court orders the parties to jointly file public redacted versions of Exhibits A-G to the infringement contentions.  To the extent necessary (i.e., where the opposing party is the one claiming that the information is confidential), the Court orders the parties to meet and confer regarding the necessary redactions.  The publicly filed redacted versions of the exhibits must be filed within **seven (7) days** from the date this order is issued.  Any future motions to seal filed the parties in this action must be narrowly tailored.  See Whitewater W., 2018 WL 3055938, at *3.

**IT IS SO ORDERED.**

DATED: February 22, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT