# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.; and DAN S. KAUFMAN,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-00676-H-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTIONS FOR DETERMINATION OF A DISCOVERY DISPUTE; AND**<br><br>[Doc. Nos. 248, 249.]<br><br>**(2) DENYING PLAINTIFFS' MOTIONS TO COMPEL WITHOUT PREJUDICE** |

　　　On April 14, 2023, the parties filed two joint motions for determination of a discovery dispute. (Doc. Nos. 248, 249.) In the first joint filing, Plaintiffs Fate Therapeutics, Inc. ("Fate") and Whitehead Institute for Biomedical Research ("Whitehead") request to add Dr. Robert Hollingsworth as an additional ESI custodian pursuant to the Court's October 12, 2022 order governing discovery of electronically stored information ("ESI Order"). (Doc. No. 248.) Plaintiffs assert that adding Dr. Hollingsworth as an additional ESI custodian is necessary and warranted because Defendant Shoreline Biosciences, Inc. ("Shoreline") identified him in its interrogatory responses and

accompanying document production as having information regarding Shoreline's current use of iPSCs. (Id.)

In response, Shoreline asserts that it has provided Plaintiffs with documents from the five agreed-upon custodians as required by the Court's ESI Order. (Id.) Shoreline further asserts that Plaintiffs have failed to establish any direct need to add Dr. Hollingsworth as an additional custodian given that Plaintiffs admit that they have documents regarding Dr. Hollingsworth's involvement with iPSCs at Shoreline and Plaintiffs will be able to depose Dr. Hollingsworth in this case on or after April 18, 2023 about his knowledge of any iPSC lines purchased by Shoreline. (Id.)

Under the Court's October 12, 2022 ESI Order, each party is provided five ESI custodians. (Doc. No. 71 at 2 ¶ 4.) If a party seeks to add additional custodians, that party may seek relief from the Court to compel the requested discovery. (Id. at 3 ¶ 8.) And the Court will consider contested requests for additional custodians "upon a showing of good cause and distinct need based on the size, complexity, and issues of this specific case." (Id. at 4 ¶ 10.)

After considering the parties' arguments and the record in this action, the Court, exercising its sound discretion, denies Plaintiffs' request. Plaintiffs have failed to demonstrate good cause to add Dr. Hollingsworth as an additional ESI custodian in this case. Plaintiffs do not identify any distinct and unique discovery that they expect to obtain from Dr. Hollingsworth's ESI that they were unable to obtain from the five other ESI custodians or the other discovery produced in this action. (See also Doc. No. 71 at 2 ¶ 6 (explaining that "ESI sources" should be "reasonably likely to contain unique, discoverable ESI").) Plaintiffs just generally state that Dr. Hollingsworth has information "regarding Shoreline's current use of iPSCs." (Doc. No. 248.) This is insufficient to demonstrate "good cause" and "distinct need." Further, Plaintiffs have failed to demonstrate the relevance of the discovery sought. (See Doc. No. 255 at 33 n.18.) As a result, the Court denies Plaintiffs' request to add Dr. Hollingworth as an additional ESI custodian in this action.

In the second joint filing, Plaintiffs move to compel Rule 30(b)(6) testimony from Shoreline in response to topics 1-11, 13-15, 21-25, 27-28, 30-33, 36-40, 42-53, and 57 of Plaintiffs' Rule 30(b)(6) notice served on March 20, 2023. (Doc. No. 249.) Plaintiffs contend that Shoreline must provide relevant 30(b)(6) testimony "regarding its use of iPSCs and the products made therefrom" and provide 30(b)(6) testimony "on relevant damages-related topics." (Doc. No. 249.) Plaintiffs contend that the scope of discovery in this action is set by Federal Rule of Civil Procedure 26, not Shoreline's view of the merits. (Id.) Plaintiffs contend that Shoreline's refusal to provide the requested testimony improperly ignores Plaintiffs' March 21, 2023 amended infringement contentions and that Shoreline incorrectly asserts that the Court has already rejected Plaintiffs' damages theory. (Id.)

In response, Shoreline argues that Plaintiffs' motion should be denied because Plaintiffs pursue discovery in violation of the Court's February 28, 2023 discovery order. (Id.) Shoreline contends that Plaintiffs' topics side-step the Court's claim construction order, which made clear that "cloning efficiency" is specific to nuclear transfer (SCNT), not iPSC reprogramming. (Id.) In addition, Shoreline argues that Plaintiffs are seeking damages-related discovery that the Court has already rejected regarding Shoreline's investors and the valuation of Shoreline. (Id.) Shoreline represents that, regardless, it will provide 30(b)(6) testimony regarding its knowledge of the iPSCs it has purchased, including how they were made and used (short of irrelevant, proprietary specifics of post-reprogramming genetic modifications). (Id.)

Plaintiffs' pending motion to compel regarding 30(b)(6) testimony involves multiple issues that were addressed by the Court in its April 19, 2023 Order denying Plaintiffs' three motions for reconsideration. (See Doc. No. 255.) To the extent Plaintiffs are seeking discovery that is inconsistent with the Court's April 19, 2023 order, the Court's February 28, 2023 discovery order, and/or the Court's February 28, 2023 claim construction order, the Court denies Plaintiffs' motion to compel. The scope of discovery in this action is set by Federal Rule of Civil Procedure 26(b)(1), but, as the party seeking to compel discovery,

Plaintiffs carry the burden "'of establishing that [their] request satisfies the relevancy requirements of Rule 26(b)(1).'" Williams v. Cnty. of San Diego, No. 17-CV-00815-MMA-JLB, 2019 WL 2330227, at *3 (S.D. Cal. May 31, 2019) (quoting Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009)); accord Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012). For the reasons explained in the Court's April 19, 2023 order denying Plaintiffs' motions for reconsideration and the Court's February 28, 2023 discovery order, Plaintiffs have failed to meet their burden to demonstrate the relevance of the broad discovery sought. Further, the Court orders the parties to meet and confer regarding Plaintiffs' discovery requests in light of the Court's April 19, 2023 order. Accordingly, the Court denies Plaintiffs' motion to compel without prejudice to Plaintiffs narrowing their request following the parties' meet and confer and demonstrating the relevance of the discovery sought.[1]

**IT IS SO ORDERED.**

DATED: April 20, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court notes that it is unable to fully assess whether any of the information Plaintiffs are seeking via their motion to compel might be relevant given how broad and vague Plaintiffs' discovery request is.