UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                                      Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.,<br><br>                                      Defendant. | Case No.:  22-cv-00676-H-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTES;**<br><br>[Doc. Nos. 275, 276.]<br><br>**(2) DENYING PLAINTIFFS' MOTION TO COMPEL; AND**<br><br>**(3) DENYING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS** |

On June 20, 2023 and June 21, 2023, the parties filed two joint motions for determination of discovery disputes. (Doc. Nos. 275, 276.)  The Court addresses these two discovery disputes in turn below.

In the first discovery dispute, Plaintiffs Fate Therapeutics, Inc. ("Fate") and Whitehead Institute for Biomedical Research ("Whitehead") request that the Court compel Defendant Shoreline Biosciences, Inc. to provide responses to Fate's Interrogatory Nos. 1-

5 and Requests for Admission Nos. 11-12, 15, 17-22. (Doc. No. 275 at 3.)  In response, Shoreline argues that it does not need to respond to these specific interrogatories and RFAs because the relevant rules limit Plaintiffs to 25 total interrogatories and RFAs, and Shoreline has already answered the first 25 interrogatories and RFAs served by Plaintiffs. (Id.)

Federal Rule of Civil Procedure 33(a)(1) provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1); see also Civ. L.R. 33.1(a) ("No party will serve on any other party interrogatories which, including discrete subparts, number more than twenty-five interrogatories without leave of Court.").  Civil Local Rule 36.1(a) provides: "No party will serve on any other party requests for admission which, including subparagraphs, number more than twenty-five requests for admission without leave of Court."  Civ. L.R. 36.1(a).

Plaintiffs argue that under these rules, they are entitled to serve a total of up to fifty interrogatories and fifty requests for admission because they are two "parties" – Fate and Whitehead.  (Doc. No. 275 at 3.)  In response, Shoreline argues that Plaintiffs should be considered one "party" for the purpose of the above discovery limits.  (Id.)  The Court agrees with Shoreline.

District courts have applied the 25-interrogatory limit as a "per side" rule when the "parties to an action are nominally separate.  Parties may be considered nominally separate when represented by a single attorney, when there is a unity of action, or when there is a legal relationship between the parties."  Gaby's Bags, LLC v. Mercari, Inc., No. 20CV00734WHATSH, 2021 WL 857695, at *1 (N.D. Cal. Mar. 8, 2021) (quoting 21X Cap. Ltd. v. Werra, No. C06-04135 JW (HRL), 2007 WL 2852367, at *1 (N.D. Cal. Oct. 2, 2007)); see Freedom Found. v. Sacks, No. 3:19-CV-05937-RBL, 2020 WL 1914902, at *3 (W.D. Wash. Apr. 20, 2020); Zito v. Leasecomm Corp., 233 F.R.D. 395, 399 (S.D.N.Y. 2006); Vinton v. Adam Aircraft Indus., Inc., 232 F.R.D. 650, 664 (D. Colo. 2005); see also Stiles v. Walmart, Inc., No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal.

Jan. 17, 2020) ("Where separate parties are represented by the same counsel and are acting in unison, they may be treated as one 'party' for purposes of the limit on interrogatories."). Here, Plaintiffs are only nominally separate.  Fate and Whitehead are represented by the same counsel, and they have a legal relationship through their exclusive license agreement. (See Doc. No. 162, First Supp. FAC ¶ 19 ("Whitehead Institute is the owner and assignee of the Asserted Patents and exclusively licensed the Asserted Patents to Fate Therapeutics.").)  Further, for the most part, they have acted in unison in this action, including, for example, jointly filing motions, opposition briefs, and claim construction briefs and jointly serving infringement contentions and expert reports.  As such, the Court, exercising its sound discretion, applies the 25-interrogatory limit and the 25-RFA limit set forth in the relevant rules on a "per side" basis in this action, and, thus, the Court denies Plaintiffs' motion to compel.

In the second discovery dispute, Shoreline requests that the Court strike the second supplemental expert report on infringement and the first supplemental rebuttal expert report on invalidity from Plaintiffs' technical expert, Dr. Kathrin Plath.  (Doc. No. 276 at 1.) Shoreline argues that these supplemental expert reports should be struck because they were served after the deadlines for opening expert reports (May 2, 2023) and for rebuttal expert reports (May 23, 2023) set forth in the Court's scheduling order, and they were served a mere 30 minutes before the discovery cutoff in this case on June 13, 2023.  (Id.; see Doc. No. 115 at 5-6.)  In response, Plaintiffs argue that they properly supplemented Dr. Plath's prior expert reports pursuant to Federal Rule of Civil Procedure 26(e)(2) to include new discovery obtained after her original expert reports had been served.  (Doc. No. 276 at 1.) Plaintiffs further assert that Shoreline has not been prejudiced by the supplementations because the supplementations only add new evidence; they do not add any new opinions. (Id.)

Federal Rule of Civil Procedure 26(e) provides:

(e) Supplementing Disclosures and Responses.

(1) In General.  A party who has made a disclosure under Rule 26(a)—

or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

    (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

    (B) as ordered by the court.

    (2) Expert Witness.  For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

After considering the parties' competing arguments, the Court declines to strike the supplemental expert reports.  Under Rule 26(e), Plaintiffs are permitted to supplement their expert reports in light of new information obtained during the discovery process. Nevertheless, in an effort to ameliorate any potential prejudice to Shoreline, the Court grants Shoreline leave to conduct an additional 2-hour supplemental deposition of Dr. Plath limited to the new material in the supplemental expert reports, and the Court grants Shoreline leave to serve a supplemental rebuttal expert report on infringement.  Shoreline's supplemental rebuttal expert report on infringement must be limited to addressing the new material in Dr. Plath's second supplemental expert report on infringement.  The supplemental deposition of Dr. Plath must be completed by **Wednesday, July 5, 2023**, and Shoreline's supplemental rebuttal report on infringement must be served by **Wednesday, July 5, 2023**.

    IT IS SO ORDERED.

DATED: June 22, 2023

                                           MARILYN L. HUFF, District Judge
                                           UNITED STATES DISTRICT COURT