UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                                     Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.,<br><br>                                     Defendant. | Case No.: 22-cv-00676-H-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING THE PARTIES' MOTIONS TO FILE DOCUMENTS UNDER SEAL;**<br><br>[Doc. Nos. 394, 420, 421.]<br><br>**(2) DIRECTING THE CLERK TO FILE THE PROPOSED DOCUMENTS UNDER SEAL; AND**<br><br>[Doc. Nos. 395, 411, 412, 422.]<br><br>**(3) ORDERING PLAINTIFFS TO FILE PUBLICLY REDACTED VERSION OF CERTAIN EXHIBITS** |

On September 14, 2023, Defendant Shoreline Biosciences, Inc. ("Shoreline") filed a motion for attorney's fees. (Doc. No. 396.) On October 2, 2023, Plaintiffs Fate Therapeutics, Inc. ("Fate") and Whitehead Institute for Biomedical Research ("Whitehead") filed a response in opposition to Shoreline's motion. (Doc. No. 413.) On

October 6, 2023, Shoreline filed a reply.  (Doc. No. 423.)  Along with these filings, the parties filed motions to file under seal certain documents filed in support of their briefing on Shoreline's motion pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2.  (Doc. Nos. 394, 420, 421.)

Specifically, Shoreline requests to file under seal: (1) Exhibits A, B, G, H, J, and K to the Declaration of Drew A. Hillier in support of Shoreline's motion for attorney fees; (2) portions of Shoreline's memorandum of points and authorities in support of its motion for attorney fees; and (3) portions of Shoreline's reply in support of its motion for attorney fees.  (Doc. No. 394 at 1; Doc. No. 421 at 1.)  Shoreline argues that the documents at issue should be sealed because they contain information related to Shoreline's confidential business operations, third-party confidential business information, or information that has been designated as confidential by Plaintiffs.  (Doc. No. 394 at 3-7; Doc. No. 421 at 2.)

Specifically, Plaintiffs request to file under seal: (1) Exhibits 4-9, 13-20, 23-36, 38-40, and 44; and (2) references to the contents of those Exhibits, including on pages viii, x, 3, 10, 22, 23, 24 of Plaintiffs' opposition to Shoreline's motion.  (Doc. No. 420 at 1.)  Plaintiffs argue that the documents at issue should be sealed because they have been designated as confidential by Plaintiffs, Shoreline, or third parties.  (Id. at 1-2.)

After reviewing the documents at issue, the Court concludes that compelling reasons exist to seal the documents.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Mezzadri v. Med. Depot, Inc., No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2–3 (S.D. Cal. Dec. 18, 2015); Baker v. SeaWorld Ent., Inc., No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5–6 (S.D. Cal. Nov. 3, 2017).  As such, the Court grants the parties' requests to file the documents under seal without prejudice to the Court modifying this order at a later time or using the information in a written order.  The Court directs the Clerk to file the proposed documents under seal.  (Doc. Nos. 395, 411, 412, 422.)

Although the Court grants the parties' motions to file the documents at issue under seal, the Court notes that many of the parties' sealing requests are not narrowly tailored to

only seal the confidential information at issue. "Requests to seal must be narrowly tailored." Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc., No. 317CV01118-BEN-BLM, 2018 WL 3055938, at *3 (S.D. Cal. June 14, 2018); see Doe v. L. Offs. of Winn & Sims, No. 06-CV-00599-H-AJB, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) ("'[A]ny order sealing documents should be "narrowly tailored"' to serve those compelling reasons." (quoting Ervine v. Warden, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016))). Unless the moving party can demonstrate that the entire document at issue contains sealable information, in order for a sealing request to be narrowly tailored, the moving party must publicly file a redacted version of the document along with the sealed version of the document.

As such, the Court orders Shoreline to publicly file redacted versions of: Exhibits A, B, G, H, J, and K to the Declaration of Drew A. Hillier in support of Shoreline's motion for attorney fees, and the Court orders Plaintiffs to publicly file redacted versions of: Exhibits 4-9, 13-20, 23-36, 38-40, and 44 to Plaintiffs' opposition to Shoreline's motion. To the extent necessary (i.e., where the opposing party is the one claiming that the information is confidential), the Court orders the parties to meet and confer regarding the necessary redactions. The publicly filed redacted versions of the exhibits must be filed within **seven (7) days** from the date this order is issued.

**IT IS SO ORDERED.**

DATED: October 12, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT