UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATE THERAPEUTICS, INC.; and WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                                  Plaintiffs,<br><br>v.<br><br>SHORELINE BIOSCIENCES, INC.,<br><br>                                  Defendant. | Case No.: 22-cv-00676-H-MSB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND TO STAY THE EXECUTION AND ENFORCEMENT OF COSTS AWARD**<br><br>[Doc. No. 439.] |

On November 17, 2023, Plaintiffs Fate Therapeutics, Inc. ("Fate") and Whitehead Institute for Biomedical Research ("Whitehead") filed a motion for approval of a supersedeas bond and to stay the execution and enforcement of the Court's costs award. (Doc. No. 439.)  On November 20, 2023, the Court took Plaintiffs' motion under submission.  (Doc. No. 441.)  On December 1, 2023, Defendant Shoreline Biosciences, Inc. ("Shoreline") filed a non-opposition to Plaintiffs' motion.  (Doc. No. 443.)  For the reasons below, the Court grants Plaintiffs' motion for approval of a supersedeas bond and to stay the execution and enforcement of the Court's costs award.

/ / /

/ / /

**Background**

In this action, Plaintiffs asserted claims for patent infringement under 35 U.S.C. §§ 271(a), (b), and (g) against Defendant Shoreline, alleging claims for infringement of U.S. Patent Nos. 8,071,369 ("the '369 Patent"), 8,932,856 ("the '856 Patent"), 8,951,797 ("the '797 Patent"), 8,940,536 ("the '536 Patent"), 9,169,490 ("the '490 Patent"), 10,457,917 ("the '917 Patent"), and 10,017,744 ("the '744 Patent") (collectively, "the asserted patents"). (Doc. No. 162, Supp. FAC ¶¶ 157-414.) Specifically, Plaintiffs alleged that Shoreline makes, uses, sells, offers for sale, and/or imports induced pluripotent stem cells ("iPSCs") that infringe one or more claims of the asserted patents.[1] (Id. ¶ 140; see, e.g., id. ¶¶ 162 ("Defendants' use of their 'iPSC-derived cell therapy manufacturing platform' infringed at least claim 1 of the '369 Patent."), 212 ("iPSCs used by Defendants to make at least the iPSC-derived natural kill (NK) cell platforms are made by a process that comprises at least each step of claim 1 of the '856 Patent.").)

On May 13, 2022, Plaintiffs filed a complaint against Defendants Shoreline and Dan S. Kaufman, alleging claims for infringement of the '369 Patent, the '856 Patent, the '797 Patent, the '536 Patent, the '490 Patent, and the '917 Patent. (Doc. No. 1, Compl. ¶¶ 66-236.) On August 12, 2022, the Court issued a scheduling order. (Doc. No. 51.) On January 3, 2023, Plaintiffs filed a first amended complaint against Defendants, adding a claim for infringement of the '744 Patent. (Doc. No. 112, FAC ¶¶ 375-414.) On January 10, 2023, the Court issued an amended scheduling order. (Doc. No. 115.)

---

[1] Induced pluripotent stem cells ("iPSCs") "are pluripotent stem cells generated from somatic cells by reprogramming." (Doc. 162, Supp. FAC ¶ 31; see Doc. No. 184, Answer to Supp. FAC ¶ 31; see also Doc. No. 151-14, Plath Decl. ¶ 59; Doc. No. 152, Snyder Decl. ¶ 43.) "Four specific genes—cMYC, OCT3/4, SOX2 and KLF4—encoding transcription factors play a role in converting or reprogramming somatic cells into pluripotent stem cells." (Doc. 162, Supp. FAC ¶ 32; see Doc. No. 184, Answer to Supp. FAC ¶ 32; Doc. No. 199, Answer to Supp. FAC ¶ 32; see also Doc. No. 184, Counterclaims ¶ 43 ("iPSCs are generated in culture from somatic cells through the introduction of reprogramming factors that transform a somatic cell into a pluripotent state."); Doc. No. 152, Snyder Decl. ¶¶ 41, 43.)

On February 14, 2023, Plaintiffs filed a supplemental first amended complaint – the operative complaint. (Doc. No. 162, Supp. FAC.) On February 17 and 23, 2023, Defendants filed answers and counterclaims to Plaintiffs' supplemental first amended complaint. (Doc. Nos. 184, 199.)

On February 28, 2023, the Court issued a claim construction order construing agreed upon and disputed claim terms from the asserted patents.[2] (Doc. No. 208.) On March 27, 2023, the Court denied Shoreline's motion for partial summary judgment. (Doc. No. 226.) On March 30, 2023, the Court denied Defendants' partial motion to dismiss Plaintiffs' supplemental first amended complaint. (Doc. No. 234.)

On June 9, 2023, the Court dismissed Defendant Kaufman from the action with prejudice pursuant to Plaintiffs' motion. (Doc. No. 273.) On August 30, 2023, the Court granted Defendant Shoreline's motion for summary judgment of non-infringement. (Doc. No. 390.) On August 31, 2023, the Court entered a judgment in favor of Defendant Shoreline and against Plaintiffs Whitehead and Fate. (Doc. No. 391.) On October 16, 2023, the Court denied Shoreline's motion for attorney's fees pursuant to 35 U.S.C. § 285. (Doc. No. 434.)

On October 26, 2023, the Clerk of Court taxed costs in the amount of $36,848.50 against Plaintiffs. (Doc. No. 438.) By the present motion, Plaintiffs request that the Court approve Plaintiffs' proffered supersedeas bond in the amount of $46,060.63 (1.25 times the Court's Order Taxing Costs) and that the Court stay the execution and enforcement of the Court's Order Taxing Costs until all appeals in this action are exhausted. (Doc. No. 439-1 at 1, 2-3.)

/ / /
/ / /
/ / /

---

[2] On April 19, 2023, the Court denied Plaintiffs' motion for reconsideration of the Court's claim construction order. (Doc. No. 255.)

## Discussion

"An appellant may stay execution of a judgment by posting a supersedeas bond." Clark v. Hidden Valley Lake Ass'n, No. 16-CV-02009-SI, 2018 WL 2412136, at *1 (N.D. Cal. May 29, 2018) (citing Cotton ex rel. McClure v. City of Eureka, Cal., 860 F. Supp. 2d 999, 1025 (N.D. Cal. 2012)). Federal Rule of Civil Procedure 62(b) provides:

> **Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). "'Where a party has posted a bond acceptable to the court, the party is entitled to a stay 'as a matter of right' under Rule 62.'" AGK Sierra de Montserrat, L.P. v. Comerica Bank, No. 2:15-CV-01280-DAD-DB, 2023 WL 3582350, at *1 (E.D. Cal. May 22, 2023) (quoting Jordan v. Wonderful Citrus Packing LLC, No. 118CV00401AWISAB, 2020 WL 7360585, at *1 (E.D. Cal. Dec. 15, 2020)); see Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966). Rule 62(b)'s bond requirement "protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988); see also Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution . . . .").

"District courts have inherent discretionary authority in setting supersedeas bonds." Rachel, 831 F.2d at 1505 n.1. "Generally, 'the amount of the bond should be sufficient to pay the judgment plus interest, costs and any other relief (e.g. attorney fees) the appellate court may award.'" Cotton, 860 F. Supp. 2d at 1027; see also Clark, 2018 WL 2412136, at *2 (setting forth standards for determining sufficiency of the supersedeas bond).

Plaintiffs request that the Court approve their proffered supersedeas bond in the amount of $46,060.63, which is 1.25 times the Court's Order Taxing Costs, and that the Court stay the execution and enforcement of the Court's Order Taxing Costs until all appeals in this action are exhausted. (Doc. No. 439-1 at 1, 2-3.) In response, Shoreline

states that it does not oppose Plaintiffs' motion on the understanding, consistent with the declaration of Plaintiffs' counsel, that Plaintiffs' bond specifies that it will remain in effect through the final disposition of any appeal of the Court's judgment.  (Doc. No. 443 at 1 (citing Doc. No. 439-1, Prey Decl. ¶ 3).)

After reviewing the parties' briefing and arguments, the Court, exercising its sound discretion, approves Plaintiffs' proffered supersedeas bond in the amount of $46,060.63. The proposed bond, which is 1.25 times the award in the Court's Order Taxing Costs, is sufficient and acceptable under the circumstances of this case.  See Cotton, 860 F. Supp. 2d at 1027; Clark, 2018 WL 2412136, at *2.  As such, the Court grants Plaintiffs' motion.

## Conclusion

For the reasons above, the Court grants Plaintiffs' motion for approval of a supersedeas bond and to stay the execution and enforcement of the Court's costs award. The Court approves Plaintiffs' proffered supersedeas bond in the amount of $46,060.63. Plaintiffs are directed to file the original bond with the Clerk of Court within fourteen days from the date this order is filed.  Upon the posting of the approved $46,060.63 supersedeas bond, the Court stays the execution and enforcement of the Court's Order Taxing Costs until all appeals in this action are exhausted.

**IT IS SO ORDERED.**

DATED: December 4, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT